IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO: 2:07-CR-65-CEA |
| | § | ECF |
| ITTHISON PHENGSENGKHAM (2) | § | Referred to the U. S. Magistrate Judge |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS

TO THE HONORABLE U. S. MAGISTRATE JUDGE:

The United States of America responds as follows to the motion of defendant to suppress:

### I. FACTS

On February 14, 2006, Drug Enforcement Administration (DEA) Task Force Officer Carlos Perez obtained a search warrant from State District Judge John Board. The warrant authorized the search of two locations within the Colonial Manor Motel, located at 5407 Amarillo Blvd. East, Amarillo, Texas; (1) Room 46 of the motel (the residence of Itthison Phengsengkham) and (2) a two story building on the south side of the motel, including a second floor storage area and a first floor office area. The persons alleged to be in control of the places to be searched were Itthison Phengsengkham, Pathoumphone Phengsengkham, and Thongfoth Phengsengkham.

Items to be seized included currency, methamphetamine, drug ledgers, firearms, and a laundry list of other types of items evidencing the business of drug trafficking and money laundering.

Itthison Phengsengkham seeks to suppress only the items seized from Room 46, which was his personal residence.

The affidavit in support of the warrant states that Itthison Phengsengkham was identified as a narcotics trafficker as far back as 2002. It describes five purchases of methamphetamine which occurred in Room 46. It described one purchase which occurred next door in Room 47 in which Itthison Phengsengkham arrived and made the drug delivery. The five transactions occurred between August 16, 2006, and September 27, 2006. The methamphetamine transactions were conducted by the DEA, utilizing a wired undercover informant. The buys netted 550 gross grams of methamphetamine (approximately 19 ounces).

The affidavit stated that during the transaction on September 27, 2006, the confidential informant observed three to four pounds of methamphetamine, firearms, a large quantity of currency, and a money counter.

The affidavit next describes conversations intercepted between Itthison Phengsengkham and Sitthiphone Phengsengkham in which the two brothers discuss ongoing drug deliveries and drug currency. These conversations occurred between January 1, 2007, and February 1, 2007. In the February 1 conversation, Itthison calls Sitthiphone to tell him he will take "six." Sitthiphone tells Itthison not to talk about it on the phone. The affidavit sets out that on January 24, 25, 30, and 31, and on February 12, 2006 [sic], agents conducted surveillance on the Colonial Manor Motel. They observed numerous individuals arriving at the motel, going into Room 46? and departing after a short time.

Finally, the affidavit described a money laundering transaction involving $200,000 to $400,000 in currency conducted by Sitthiphone Phengsengkham, Thongfoth Phengsengkham, Pathoumphone Phengsengkham, and Pam Vanhxay Ou. On February 8, 2007, surveillance observed Thongfoth, Pathoumphone, and Pam return to the motel office area after signing the papers for the laundering transaction.

The search warrant was executed on February 15, 2007.

## II. ISSUES

Defendant Itthison Phengsengkham challenges the legality of the search warrant on the grounds that the information in the warrant was stale, thus there was no probable cause to search Room 46 on February 15, 2007.

The government urges the warrant was obtained and executed in good faith, and probable cause determination is not necessary. However, the government will demonstrate that the affidavit provided sufficient probable cause for the issuance of the warrant and that the basis for the warrant was not stale due to a long pattern of ongoing activity.

## III. ARGUMENT AND AUTHORITIES

### A. The Good Faith Exception

In *United States v. Leon*, 468 U.S. 897 (1974), the Supreme Court held that evidence need not be suppressed when police obtain it through reasonable, good- faith reliance on a facially valid warrant that is later found to be invalid because of insufficient probable cause. The Court concluded that a “good-faith” exception to the exclusionary rule was proper because suppressing evidence that the police believed they had obtained

with a lawful warrant would not advance the exclusionary rule's goal of deterring official misconduct. *Id*. at 918-919.

There are four categories of cases in which the good faith exception does not apply. The first is if the issuing judge was misled by information that the affiant knew was false or would have known was false except for his reckless disregard of the truth. *Leon*, 468 U.S. at 923. The second instance in which the exclusionary rule will not be applied is if the issuing judge "wholly abandoned his judicial role in the manner condemned in *Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319 (1979)." *Leon*, 468 U.S. at 923. The third exception is when the officer relies on a warrant based on an affidavit that is "so lacking in indicia of probable cause as to render belief in its existence entirely unreasonable." *Id*. (quoting *Brown v. Illinois*, 422 U.S. 590, 610-611 (1975). The fourth exception is when the warrant is so "facially deficient--i.e., in failing to particularize the place to be searched or the things to be seized--that the executing officers cannot reasonably presume it to be valid." *Leon*, 468 U.S. at 923.

The affidavit on its face furnished the issuing judge with sufficient information to allow him to conclude that a fair probability existed that seizable evidence would be found. Great deference is given to the issuing judge's determination of probable cause. *Illinois v. Gates*, 462 U.S. 213, 236 (1983).

A staleness issue may be resolved where the affidavit has sufficient indicia of probable cause to make it possible for the officers to believe objectively and reasonably, in the validity of the warrant. *United States v. Craig*, 861 F.2d 818, 820-823 (5th Cir. 1998). The evidence will show that Agent Carlos Perez, the affiant, had a good faith

belief that the warrant was valid and that his belief was reasonable.

B. The Staleness Issue

In *United States v. Robins*[1], this Circuit held that staleness of the underlying information must be decided on the particular facts of each case, and a "mechanical count of days is of little assistance" in the determination. "Fairly long periods of time are allowed to elapse between information and a search warrant in cases where the evidence clearly shows . . . a longstanding, on-going pattern of criminal activity." *Id.* At 892. A similar conclusion was reached in *United States v. Cherna*, 184 F.3d 403, 410 (5th Cir. 1999).

The affidavit in the case set out six specific drug transactions occurring in or near Room 46 between August 15 and September 27, 2006. The transactions netted a large amount of methamphetamine (550 grams) and during the last transaction, the informant observed 3-4 pounds of methamphetamine in Room 46, as well as two firearms (it is also averred in the affidavit that Itthison Phengsengkham is a convicted felon). This information was kept fresh by the four surveillances conducted in January of 2007 and the one on February 12, 2007, in which the officers observed numerous vehicles going to the motel and leaving within a brief period of time.

On February 1, 2007, an intercepted conversation between Sitthiphone Phengsengkham and Itthison Phengsengkham indicated that Itthison "would take six." Based on the large amount of methamphetamine previously viewed in Room 46, it was reasonable to believe that Itthison would be receiving six pounds of methamphetamine.

---

[1] 978 F.2d 881, 892 (5th Cir. 1992) (citing *United States v. Hyde*, 574 F.2d 856, 857 (5th Cir. 1978)

Only 14 days passed between that phone call and the search. Only 3 days passed between the February 12 surveillance and the execution of the warrant.

The information was not stale because:

1. The quantities of methamphetamine involved were large and made it more likely that it would take a longer period of time to distribute them. Further, there were six documented drug transactions. *See United States v. Wagner*, 989 F.2d 69, 74-75 (2d Cir. 1993).

2. The guns and drug ledgers concerning narcotics trafficking were items that would likely remain in Room 46 for a long period of time. *See Cherna*, 184 F.3d at 410 and *United States v. Basham*, 268 F.3d 1199, 1206 (10th Cir. 2001).

3. The information from August and September was refreshed by the surveillance and the February 1 telephone call. *See United States v. Webster*, 734 F.2d 1048, 1056 (5th Cir. 1984); *United States v. Green*, 250 F.3d 471, 480 (6th Cir. 2001); and *United States v. Adames*, 56 F.3d 737.748 (7th Cir. 1995).

As a whole, the affidavit established evidence of a continuous, ongoing pattern of drug trafficking in August 2006, September 2006, December 2006, and February 2007. *See United States v. Ortiz*, 143 F.3d 728, 732-33 (2d Cir. 1998).

## CONCLUSION

For the forgoing reasons, the government urges the Court to find that due to the quantity of methamphetamine involved, the presence of firearms, and the information that

freshened the prior transactions, that the affidavit was not stale because it established continuous, ongoing activity, and that Agent Perez's reliance on the warrant issued by Judge Board was reasonable and in good faith.

Respectfully submitted,

RICHARD B. ROPER
UNITED STATES ATTORNEY

/s/ Vicki Lamberson
VICKI LAMBERSON
Assistant United States Attorney
Texas State Bar No. 10081500
500 S. Taylor, Lobby Box 238
Amarillo, Texas 79101-2442
Telephone: 806.324.2356
Facsimile: 806.324.2399
vicki.lamberson@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2007, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept this Notice as service of this document by electronic means: David Martinez.

/s/ Vicki Lamberson
VICKI LAMBERSON
Assistant United States Attorney