

**FILED**

**AUGUST 8, 2007**

KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA     §
    §
v.     §      2:07-CR-0065(2)
    §
ITTHISON PHENGSENGKHAM (02)     §

## REPORT AND RECOMMENDATION
## TO DENY DEFENDANT'S MOTION TO SUPPRESS

Came this day for consideration the motion to suppress filed by defendant ITTHISON

PHENGSENGKHAM. On August 6, 2007, an evidentiary hearing was held during which Drug

Enforcement Administration (DEA) Task Force Officer Carlos Perez testified.

Upon consideration of the evidence presented at the hearing, the pleadings and arguments

of the parties, the Court is of the opinion defendants' motion to suppress should be DENIED.

I.
FACTUAL OVERVIEW

Evidence at the hearing showed that on the afternoon of February 14, 2006, DEA Task

Force Officer Perez obtained a search warrant from State District Judge John Board which

authorized the search of two locations within the Colonial Manor Motel, 5407 Amarillo

Boulevard East, Amarillo, Potter County, Texas. A copy of the affidavit in support of the search

warrant and a copy of the warrant were admitted into evidence as Government's Exhibit A.

Items believed to be present and for which search and seizure were authorized pursuant to the

warrant included methamphetamine along with various papers related to the manufacture,

transportation, ordering, sale and distribution thereof; United States currency and other financial

instruments, precious metals, jewelry and/or items of value and/or proceeds of drug transactions along with evidence of financial transactions related to obtaining, transferring, laundering, secreting or spending large sums of money derived from illegal controlled substance activities; records related to illegal drug transactions including a drug ledger; and firearms or ammunition. (Government's Exhibit A, Search Warrant at 2-3). One of the two locations to be searched was Room 46 of the Colonial Manor Motel. Defendant ITTHISON PHENGSENGKHAM complains of the search of this location and seeks to suppress four (4) kilograms of methamphetamine and U.S. currency totaling $162,000.00 seized at or near this location.

## II.
## <u>DEFENDANTS' ISSUES PRESENTED FOR REVIEW</u>

In the motion to suppress, defendant PHENGSENGKHAM moves the Court to suppress the seized methamphetamine and currency and presents the following issue:

> Whether the alleged property was illegally and unreasonably seized
> due to "stale information" contained in the search warrant.

## III.
## <u>MERITS</u>

### A.
### <u>Staleness</u>

Defendant has failed to demonstrate the warrant is defective as being based upon stale information. As Officer Perez's testimony at the hearing and information contained in the search warrant affidavit established, beginning in October of 2002 law enforcement agencies in the Amarillo area began receiving information that defendant ITTHISON PHENGSENGKHAM and his brother (a co-defendant) were supplying large amounts of methamphetamine, cocaine,

MDMA (Ecstacy) and other drugs throughout the Amarillo area. (Government's Exhibit A, Search Warrant at 6). Further, between August 2006 and September 2006, numerous controlled buys of methamphetamine from defendant ITTHISON PHENGSENGKHAM were conducted at 5407 Amarillo Boulevard East either at or near Room 46. (*Id*. at 7-8). In December 2006, the Amarillo office of the DEA obtained a wire intercept on defendant's cellular telephone. (*Id*. at 9). On January 1, 2007, January 6, 2007, and February 1, 2007, the Amarillo DEA intercepted telephone conversations between defendant ITTHISON PHENGSENGKHAM and his brother which the police interpreted as relating to drug trafficking. (*Id*. at 9-10). On January 24, 2007, January 25, 2007, January 30, 2007, and January 31, 2007, surveillance conducted on the motel property showed numerous vehicles making very brief stops, identified as activity consistent with drug trafficking. (*Id*. at 10). On February 12, 2007, surveillance units at the motel observed individuals arriving and departing Room 46, identified as belonging to defendant ITTHISON PHENGSENGKHAM, activity again identified as consistent with drug trafficking. (*Id*.). On the afternoon of February 14, 207, officer Perez testified he obtained the search warrant from State District Court Judge Board. The warrant was executed on the morning of February 15, 2007. Further, at the hearing, counsel for defendant admitted that as late as December of 2006 police had probable cause to obtain a warrant for these premises. Based upon the foregoing, it does not appear the information presented in the search warrant affidavit was stale.

In making this determination, the Court has considered that the search warrant in this case not only authorized the search and seizure of drugs, currency and firearms, but also authorized the search and seizure of ledgers, books, records, receipts, notes, bank records, money orders, and other papers related to an ongoing drug trafficking enterprise in existence for over four (4) years,

as well as evidence of money laundering.  Officer Perez's affidavit states it is common for such paper records to be kept in the course of a drug trafficking and money laundering scheme. Further, the Court notes in this case, where the alleged activity had been ongoing since 2002, such papers, ledgers and records would not be characterized as temporary or fleeting in nature as might be the case of drugs alone.  See *United States v. Cherva*, 184 F.3d 403, 410 (5th Cir. 1999), holding that information showing a long-standing, ongoing pattern of criminal activity reduces the staleness of information.  This case is very different from a situation where a search warrant authorized the search and seizure of only drugs, particularly a smaller amount of drugs, which traditionally could be characterized as being present only temporarily.  In such a situation, a search warrant affidavit related only to drugs and based upon information provided by a confidential informant who witnessed and/or purchased drugs at a particular place more than sixty (60) days prior to the issuance of the search warrant, might be stale.  However, the facts of this case are very different.  As discussed above, law enforcement authorities had information of an extensive methamphetamine trafficking scheme beginning in 2002.  The authorities had documented evidence of multiple drug sales throughout August and September of 2006, cellular telephone conversations as recently as February of 2007, and various surveillance of the property at issue including suspected drug trafficking by defendant in his residence as recently as February 12, 2007, two (2) days before the search warrant issued.  It is the opinion and finding of the undersigned that the information upon which the search warrant was based was not stale.

B.
Good Faith

In any event, as argued by the government, even assuming the search warrant was invalid due to lack of probable cause because of staleness, the United States Supreme Court has

established a good faith exception to the suppression of evidence in situations where the police have a reasonable, good-faith reliance on a facially valid warrant that is later found to be invalid because of insufficient probable cause. *United States v. Froman,* 355 F.3d 882, 888 (5th Cir. 2004) *citing United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3430, 82 L.Ed.2d 677 (1984). Consequently, the law enforcement agents securing the warrant in this case are entitled to the good faith exception rule as established by the United States Supreme Court.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion to suppress filed by defendant ITTHISON PHENGSENGKHAM be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this __8th__ day of August 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. This

case is set for docket call on Monday, August 13, 2007. Consequently, the time in which to file objections is shortened. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is **Friday, August 10, 2007.**[1]

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

---

[1] The motion for leave to file the motion to suppress was not filed until August 2, 2007. The motion for leave was granted August 3, 2007, the government filed its response August 6, 2007 and the motion was heard August 6, 2007.